IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
IN TACOMA

| | |
|---|---|
| ROBERT DARRELL KING,<br><br>Plaintiffs,<br>vs.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | Civil Case No. C19-5476 RSM<br><br>**ORDER GRANTING APPLICATION FOR FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT** |

BEFORE THE COURT is Plaintiff's Application for Award of Attorney's Fees and Costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Attorney Michael P. Gilbert represents Plaintiff Pro Hac Vice; Attorney Summer Stinson of the Office of General Counsel represents Defendant.

On November 21, 2019, the Court granted the parties' Stipulated Motion for Reversal and Remand to the Commissioner of Social Security for further administrative proceedings with respect to Plaintiff's application for disability insurance benefits under Title II of the

Social Security Act ("Act"). Plaintiff now applies for an award of attorney's fees and costs pursuant to EAJA. Defendant [does/does not] object to the Application.

The EAJA provides for an award of attorney's fees to private litigants who prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(2)(A). Individuals successfully challenging a final decision of the Commissioner denying Social Security disability benefits are among those eligible for such awards. Sullivan v. Hudson, 490 U.S. 877 (1989). Under EAJA, the court must award attorney's fees to the prevailing party unless it finds the government's position was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

The burden is on the government to prove substantial justification. Barry v. Bowen, 825 F.2d 1324, 1330 (9th Cir. 1987). Based upon this Court's order for remand, and all the facts of this case identified in the Plaintiff's Application, the Court finds that the government's position in the agency leading up to the litigation was not "substantially justified."

The EAJA provides for attorney's fees not "in excess of $125 an hour unless the court determines that an increase in the cost of living […] justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Ninth Circuit uses a formula to apply the cost of living offset. In 2019 the rate of attorney's fees was set at $204.25 after applying the Consumer Price Index-Urban.

The Plaintiff seeks attorney's fees [and paralegal fees] in the amount of $9,780.00 and $955.50 in costs. The fees were calculated at the appropriate rate for 2019 and they are supported by the declarations of the counsel and Plaintiff as well as an itemized invoice. The

Court finds the award and costs are reasonable. Plaintiff's EAJA fees are, however, subject to a United States Department of Treasury offset as described in <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (2010).

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's Application for EAJA fees is GRANTED. The Commissioner is directed to pay EAJA fees in the amount of $9780.00. The Commissioner is directed to pay costs in the amount of $955.50.

2. Pursuant to <u>Ratliff,</u> payment of the award, after offset of qualifying federal debt under the Treasury Offset Program shall be made payable to Plaintiff, and mailed to Plaintiff's attorney, Michael P. Gilbert, 2602 S. 38th St., Suite A, Unit 310, Tacoma, WA 98409.

3. If Plaintiff has no debt which qualifies for offset under the Treasury Offset Program, payment of the entire award shall be payable directly to Mr. Gilbert at the address above, because the Plaintiff has assigned any court order of EAJA fees to Mr. Gilbert.

IT IS SO ORDERED this 20th day of March 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING ATTORNEY FEES AND COSTS
Page **3** of **3**